In re John R. ESPOSITO, Debtor.

Bankruptcy No. 87–1830–BKC–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 16, 1991.

Leo B. Hill, Orange Park, Fla., for debtor.

Jerry A. Funk, Jacksonville, Fla., for Claire C. Remo.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Motion to Avoid Lien filed by Debtor pursuant to 11 U.S.C. § 522(f)(1). A hearing was held on June 27, 1991, and upon the evidence presented, the Court enters the following Memorandum Opinion:

### FACTS

Debtor filed a petition for relief under chapter 11 on November 2, 1987. On May 12, 1989, the case was converted to chapter 7.

In December, 1981, the marriage of Claire C. Remo and Debtor was dissolved by the Circuit Court of Duval County, Florida. At the time of the Dissolution of Marriage, the parties owned real property as tenants by the entirety located at 11712 Loretta Woods Court, Jacksonville, Florida, and described as follows:

Lot 28, Loretta Woods, as shown by plat thereof in Plat Book 36, page 34, current public records, Duval County, Florida.

The Final Judgment of Dissolution of Marriage directed Debtor to pay to Ms. Remo $20,000.00, representing repayment of monies she brought into the marriage which were used in part to acquire their marital home in 1979.

The Final Judgment made no other financial provisions for the benefit of the wife nor did it provide for any disposition of the property.

As a result of the Dissolution of Marriage, under Florida law the parties became tenants in common.

By Order of the Circuit Court of Duval County, Florida, dated January 19, 1984, the Final Judgment of Dissolution of Marriage was clarified by requiring Debtor to pay to Ms. Remo $10,000.00 on or before January 1, 1985, and an additional $10,-000.00 on or before January 1, 1986. The Order also provided that if Debtor failed to make either payment, then upon the filing of a sworn affidavit by Ms. Remo, the Court would enter a judgment for the amount as it became due.

Debtor defaulted on both payments. On January 24, 1985, the state court entered a final judgment of $10,000.00 against Debtor. A second judgment for $10,000.00 was entered on April 2, 1986. Both judgments were recorded in the public records of Duval County, Florida.

### DISCUSSION

The controlling Bankruptcy provision, 11 U.S.C. § 522(f), provides in relevant part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . . .

Upon entry of the Final Judgment of Dissolution of Marriage, the estate of the parties in the former marital property was converted from an estate by the entireties to an estate in common. The Order modifying the Final Judgment and subsequent money judgments were strictly a clarification of and enforcement to the Final Judgment of Dissolution of Marriage and, therefore, relate back to the date of the entry of the Final Judgment. Thus, Ms. Remo's judgment lien fixed on the marital property that Debtor acquired when the initial Final Judgment of Dissolution of Marriage was entered. Accordingly, the lien preceded Debtor's interest in the property as a tenant in common.

The United States Supreme Court in the cases of *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) and *Owen v. Owen,* —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), held that § 522(f)(1) permits avoidance of a lien only where the lien attaches to an interest in property which the debtor already possessed. The Court was concerned that a contrary holding would have allowed the debtor to effectuate a fraud on creditors, stating in *Sanderfoot:*

. . . Congress primarily intended § 522(f)(1) as a device to thwart creditors

who, sensing an impending bankruptcy, rush to Court to obtain a judgment to defeat the debtor's exemptions. That is not what occurs in a divorce proceeding such as this. Farrey obtained a lien not to defeat Sanderfoot's pre-existing interest in the homestead but to protect her own pre-existing interest in the homestead that was fully equal to that of her spouse ... [T]o permit a debtor in these circumstances to use the Code to deprive a spouse of this protection would neither follow the language of the statute nor serve the main goal it was designed to address. 111 S.Ct. at 1831.

To allow the debtor in this case to avoid the judgment liens of his former spouse would be in effect to strip her of all assets. That is not what § 522(f) was intended to address. The judicial liens of Ms. Remo attached to the marital home prior to Debtor receiving his interest as a tenant in common, consequently, her judgment liens are not avoidable.

A separate order denying Debtor's Motion to Avoid Lien will be entered consistent with this Memorandum Opinion.