**In re Dwight H. OWEN, Debtor.**

**Dwight H. OWEN, Plaintiff–Appellant,**

**v.**

**Helen OWEN, Defendant–Appellee.**

**No. 88–3499.**

United States Court of Appeals, Eleventh Circuit.

May 14, 1992.

---

Roger L. Fishell, Sarasota, Fla., for plaintiff-appellant.

John R. Shuman, Clearwater, Fla., David A. Townsend, Tampa, Fla., for defendant-appellee.

Before POWELL *, Associate Justice (Retired), TJOFLAT, Chief Judge, and RONEY, Senior Circuit Judge.

PER CURIAM:

The bankruptcy court and the district court concluded that 11 U.S.C.A. § 522(f) of the Bankruptcy Code did not permit a debtor to avoid a judicial lien on Florida homestead property when state law creating the homestead exemption did not make the homestead property exempt from such lien. We affirmed. *In re Owen*, 877 F.2d 44 (11th Cir.1989). The Supreme Court granted certiorari, *Owen v. Owen*, 495 U.S. 929, 110 S.Ct. 2166, 109 L.Ed.2d 496 (1990), and reversed and remanded for further consideration, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). After reconsideration on remand, we affirm the judgment of the district court.

In 1975, Helen Owen, the creditor, obtained a judgment against the debtor Dwight Owen, her former husband, for approximately $160,000. The judgment was recorded in Sarasota County, Florida, in July 1976. The debtor did not at that time own any property in Sarasota County. Under Florida law, the judgment would attach to after-acquired property. *B.A. Lott, Inc. v. Padgett*, 153 Fla. 304, 14 So.2d 667 (1943). In 1984, the debtor purchased a condominium in Sarasota County, which immediately became subject to the creditor's judgment lien upon his acquiring title. *Porter–Mallard Co. v. Dugger*, 117 Fla. 137, 157 So. 429 (1934).

One year later, Florida amended its homestead law so the debtor's condominium, which previously had not qualified as a homestead, thereafter did. Under the Florida Constitution, homestead property is "exempt from forced sale ... and no judgment, decree, or execution [can] be a lien thereon...." Fla. Const. art. 10, § 4(a). The homestead property is not exempt

* Honorable Lewis F. Powell, Jr., Associate Justice of the United States Supreme Court, Retired, sitting by designation.

from forced sale or lien of judgment on the property prior to the property acquiring homestead status. *Bessemer v. Gersten,* 381 So.2d 1344, 1347 n. 1 (Fla.1980); *Aetna Ins. Co. v. LaGasse,* 223 So.2d 727, 728 (Fla.1969); *Pasco v. Harley,* 73 Fla. 819, 824–825, 75 So. 30, 32–33 (1917); *Volpitta v. Fields,* 369 So.2d 367, 369 (Fla.App.1979). *See also Lyon v. Arnold,* 46 F.2d 451, 452 (5th Cir.1931).

The debtor filed a Chapter 7 bankruptcy petition in 1986, claiming that the condominium, as Florida homestead property, was exempt from administration by the bankruptcy court. The debtor sought avoidance of the creditor's judgment lien under 11 U.S.C.A. § 522(f). The bankruptcy court, district court, and a panel of this Court denied relief.

█ The Supreme Court reversed and remanded, leaving for our consideration on remand whether there was a fixing of a lien on an interest of the debtor and whether the Florida statute extending the homestead exemption was a taking. 111 S.Ct. at 1838. We hold that there was no fixing of a lien on an interest of the debtor.

"Some courts have held [Section 522(f)] inapplicable to a lien that was already attached to property when the debtor acquired it, since in such case there never was a *'fixing* of a lien' on the *debtor's* interest." 111 S.Ct. at 1838.

█ Under Florida law, the creditor's recorded judgment became a lien upon the real property thereafter acquired by the judgment debtor at the same time that title was acquired in 1984. *B.A. Lott, Inc. v. Padgett,* 153 Fla. 304, 14 So.2d 667 (1943). "A judgment lien is a general lien which attaches to any property currently owned by the judgment debtor. It springs to life the minute the debtor acquires property to which it attaches." *Allison on the Ocean, Inc. v. Paul's Carpet,* 479 So.2d 188, 190–91 (Fla.Dist.Ct.App.1985). The judgment was recorded in 1976. The property was acquired and the lien fixed simultaneously in 1984. Therefore, there was never a fixing of a lien *on* an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien. The Supreme Court

has held that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337, 344 (1991). *See also In re Esposito,* 132 B.R. 493 (Bkrtcy.M.D.Fla.1991).

Because the lien was in existence prior to the property becoming homestead exempt, to permit the debtor's avoidance of this judicial lien would give the debtor a greater interest in the property than he had prior to the filing of the bankruptcy petition. It is clear that prior to the petition the lien was validly attached to the property. Under Florida law, constitutional homestead property *is* exempt from the claims of creditors not secured by a lien on the property. *See* Fla.Stat. § 222.20; Fla. Const. art. 10, § 4. Florida law allows, however, attachment of a judgment lien where the lien came into existence prior to the property attaining homestead exemption status, as in this case. Fla. Const. art. 10, § 4. *See Bessemer v. Gersten,* 381 So.2d 1344 (Fla. 1980).

Given our holding, the statutory expansion of the homestead exemption, which caused the debtor's property to qualify, does not require a subsidiary analysis as to whether it constituted a taking. Here the debtor's homestead exemption status, in itself, did not conflict with the creditor's lien. It was only when the debtor attempted to use the exemption as an avoidance of the judicial lien in bankruptcy proceedings that a problem developed.

Thus, the fixing of the lien does not impair an exemption to which the debtor would have been entitled but for the lien. Florida homestead laws do not endow the property with some overall exempt status. It simply provides it is exempt from foreclosure of certain liens, certain specific taxes, and is subject to certain inheritance provisions. *See* Fla.Stat. § 196.031; Fla. Const. art. 7, § 3. The property was never exempt from foreclosure of this lien. None of the other exemptions provided by Florida homestead law are eliminated by this

lien. Thus, there is no exemption to which he would have been entitled but for this lien. Looking to 1986, as it was the date of the filing of the bankruptcy petition, 111 S.Ct. at 1838 n. 6, Florida homestead law did not give any interest in an exemption to this debtor that is encumbered by this judgment lien. *See Bessemer*, 381 So.2d 1344.

After reconsidering the issues remanded by the Supreme Court, we determine that the debtor cannot avoid the judicial lien on the property. We affirm the judgment of the district court for the reasons stated above.

AFFIRMED.