**In re Miller COOPER, Debtor.**

**Bankruptcy No. 94–8312–8G7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 12, 1995.

---

3.   *In re Strutz,* 154 B.R. 508, 510 (Bankr.N.D.Ind.     1993).

Buddy D. Ford, Tampa, FL, for Debtor.

Eugene V. Allen, Trustee, Largo, FL.

Lee Wm. Atkinson, Clearwater, FL, for Gibson Group, Ltd.

George L. Hayes, III, St. Petersburg, FL.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT, MOTION TO AVOID LIEN, AND MOTION FOR RELIEF FROM STAY

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion for Summary Judgment filed by Miller Cooper (Debtor), and the Answer in Opposition to Motion for Summary Judgment, Cross Motion for Summary Judgment, and Incorporated Memorandum of Law filed by Gibson Group, Ltd. of Pinellas County, Inc. (Gibson). The Debtor's motion for summary judgment requests the Court to enter summary judgment in his favor on his Motion to Avoid Judicial Lien. Gibson opposes the Debtor's motion for summary judgment, and requests the Court to enter summary judgment in its favor. Gibson has also filed a Motion for Relief from Stay, requesting relief from the automatic stay so that it may pursue its state court remedies against property. These motions relate to a judicial lien asserted by Gibson against certain real property owned by the Debtor in Pinellas County, Florida. The Debtor claims that the real property is his homestead and that he is entitled to avoid the lien pursuant to Section 522(f) of the Bankruptcy Code. Gibson contends that the lien cannot be avoided under Section 522(f) because it attached to the real property before the property acquired its homestead status and is therefore excepted from the protection granted under Florida's homestead exemption laws.

### Facts and Status of the Case

Although many facts are in dispute, the following facts appear from the record. On August 10, 1992, the Debtor purchased a parcel of unimproved real property in Pinellas County, Florida, located at 961 Landmark Circle, Tierre Verde, Florida, and described as follows:

Lot 5, Tierre Verde Landmark, according to the plat thereof as recorded in Plat Book # 107, Pages 85 and 86, Public Records of Pinellas County, Florida. Parcel No. 20–32–26–90825–000–0050.

At the time he purchased the property, the Debtor, a general contractor, intended to construct a single family home on the lot which would serve as his homestead. In fact, the Debtor had already engaged an engineer and draftsman to plan the construction of the home. On November 3, 1992, the Debtor obtained a building permit for the home, and construction commenced shortly thereafter. In February of 1993, the Debtor filed an Affidavit with the Pinellas County Building Department stating that he was constructing the home for his own occupancy, and not for sale to third parties.

Until April of 1993, the Debtor lived in a condominium that he leased from its owner. The lease expired in April of 1993, and the Debtor did not renew the lease in view of the

construction of his home. Because construction of the home was not complete when his condominium lease expired, the Debtor temporarily stored many of his personal belongings with a friend in Lakeland. Additionally, the Debtor married in May of 1993, and he stayed in his wife's condominium in Clearwater during this period, when not travelling out of town on business.

In mid-June, 1993, the Debtor moved some of his possessions into the home. The Debtor also began occupying the home in June, although perhaps intermittently.

On July 15, 1993, Gibson obtained a Final Judgment against the Debtor in the Circuit Court of Pinellas County, Florida, in the principal amount of $485,016.49, and the Final Judgment was recorded in the public records of Pinellas County on July 15, 1993.[1]

Construction of the Debtor's residence was also completed in July of 1993. On September 30, 1993, the Pinellas County Department of Building Inspection issued a Certificate of Occupancy with respect to the home which certified that the residence was in compliance with the required county ordinances. While the Debtor and his family may have moved into the home earlier, they clearly resided on the property as their home after September 30, 1993.[2]

On August 22, 1994, Gibson obtained an Amended Final Judgment against the Debtor in the amount of $526,759.58, which was recorded in the public records of Pinellas County on August 23, 1994. Gibson also initiated proceedings to execute on the property, and scheduled a hearing on these Proceedings Supplementary in state court.

The Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on August 26, 1994, and claimed the residence as exempt under Florida's homestead law. No objections were filed to the claim of exemption within the time permitted for filing such objections, and it is undisputed that the property was the Debtor's homestead at the time that the Bankruptcy Petition was filed.

Gibson filed its Motion for Relief from Automatic Stay and asserted that it held a valid lien on the property, that the Debtor did not have any equity in the property, and that Gibson therefore is entitled to relief from the automatic stay to permit it to proceed with its litigation in state court.

The Debtor subsequently filed a Motion to Avoid Judgment Lien of Gibson and asserted that the property was the Debtor's homestead at the time that Gibson recorded the judgment, that the property had been properly claimed as exempt, and that the judgment did not constitute a lien on the property. The Debtor contends that he is entitled to avoid the lien claimed by Gibson, pursuant to Section 522(f) of the Bankruptcy Code.

Both parties have filed motions for summary judgment. Given the status of the law, the Court believes that it should resolve the matter at this time, although the Court makes no determination of the exact point in time that the Debtor's property acquired its homestead status.

**Discussion**

■ Section 522(f) provides that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)." The section specifically applies to judicial liens.

■ Subsection (b) of Section 522 contains the provisions which determine the nature and extent of the property that an individual debtor may exempt from property of the estate. Subsection (b) states that a debtor may exempt from property of the estate the exemptions listed in subsection (d) unless applicable state law specifically does not so authorize, and in such event the debtor may exempt from property of the estate property that is exempt under applicable state law. Florida law specifically provides that resi-

---

1. In Florida, a judgment becomes a lien on real estate in a county when a certified copy of the judgment is recorded in the official records of the county. § 55.10, Florida Statutes.

2. As discussed later, to resolve the issues before the Court it is not necessary to determine if the Debtor established the property as his homestead before or after the judgment was recorded and the judgment lien attached to the property.

dents of Florida shall not be entitled to the federal exemptions of subsection (d). § 222.20, Florida Statutes. Consequently, in bankruptcy cases involving debtors who are residents of Florida, debtors may exempt from property of the estate pursuant to § 522(b) property that is exempt under Florida law.

■ Article X, Section 4 of the Florida Constitution provides that a homestead "shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon," except for circumstances not present in this case. It is well-established in Florida, however, that homestead property is not exempt from the lien of a judgment which attached to the property prior to the property acquiring its homestead status. *See Bessemer v. Gersten,* 381 So.2d 1344 (Fla.1980). Pre-existing liens, therefore, are excepted from Florida's homestead exemption.

The Debtor has claimed his homestead property as exempt, and now seeks to avoid the judicial lien asserted by Gibson.

■ For a debtor to avoid a judicial lien under Section 522(f), two elements must be present: first, the lien at issue must have fixed on an interest of the debtor in property, and second, the lien must impair an exemption to which the debtor would have been entitled. Both elements must be present for the lien to be avoided.

Resolution of this case is controlled by the decisions of the United States Supreme Court in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), and, on remand, the Eleventh Circuit Court of Appeals in *In re Owen, Owen v. Owen,* 961 F.2d 170 (11th Cir.1992), cert. den. 506 U.S. 1022, 113 S.Ct. 659, 121 L.Ed.2d 584 (1992).

In the *Owen* case, which arose under Florida law, the debtor's former wife obtained a judgment against the debtor in 1975 and recorded the judgment in 1976. The debtor did not own any real property at the time that the judgment was recorded. In 1984, the debtor purchased a condominium in Sarasota County, Florida. At the time he purchased the condominium, Florida's homestead exemption law did not apply to condominiums, so the existing judgment immediately attached to the property. One year later, Florida's homestead exemption law was amended to extend the exemption to condominiums. The debtor subsequently filed a petition under Chapter 7 of the Bankruptcy Code, claimed the condominium as exempt, and filed a motion to avoid the lien under Section 522(f). *Owen,* 500 U.S. at 305–07 and 307–09, 111 S.Ct. at 1834 and 1835.

### Impairment of an Exemption to which the Debtor would have been Entitled

In *Owen,* the Supreme Court specifically "assume[d] without deciding" that the lien at issue fixed "on an interest of the debtor in property." *Id.* at 309, 111 S.Ct. at 1836. Consequently, the Supreme Court addressed only the second element set forth in Section 522(f) and considered whether the lien impaired "an exemption to which the debtor would have been entitled." With respect to this element, the Court concluded that the statute should be interpreted to apply to exemptions to which the debtor would have been entitled, hypothetically rather than actually, but for the lien at issue:

> The phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. 'Would have been' but for what? The answer given, with regard to the Federal exemptions, has been but for the lien at issue, and that seems to us correct.

*Id.* at 311, 111 S.Ct. at 1837.

"The question then becomes whether a different interpretation should be adopted for State exemptions. We do not see how that could be possible." *Id.* at 313, 111 S.Ct. at 1838.

> ... Nothing in the text of § 522(f) remotely justifies treating the two categories of exemptions differently.... Nor is there any overwhelmingly clear policy impelling us, if we possessed the power, to create a distinction that the words of the statute do not contain.... Just as it is not inconsistent with the policy of permitting state-defined exemptions to have another policy

disfavoring waiver of exemptions, whether federal- or state-created; so also it is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal- or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains.

*Id.*

█ Consequently, the appropriate question in making a determination under Section 522(f) is whether the lien impairs an exemption to which the debtor would have been entitled, hypothetically rather than actually, but for the lien itself.

The Supreme Court further stated that the appropriate point in time at which to determine the debtor's entitlement to the exemption is the date of the filing of the bankruptcy petition, not the date the lien attached:

In the dissent's view, the question is whether·the lien impairs an "exemption to which the debtor would have been entitled at the time the lien 'fixed'." Post, at 1840. Under the Code, however, the question is whether the lien impairs an "exemption to which the debtor would have been entitled under subsection (b)," and under subsection (b), exempt property is determined "on the date of the filing of the petition," not when the lien fixed. 11 U.S.C. §§ 522(f), (b)(2)(A). We follow the language of the Code.

*Id.* at 314 n. 6, 111 S.Ct. at 1838 n. 6.

Based on these conclusions, the Supreme Court held that the pre-existing lien on the debtor's residence did in fact impair an exemption to which he would have been entitled, even though Florida law would not have allowed the exemption since the lien attached before the residence acquired its homestead status:

On the basis of the analysis we have set forth above with respect to federal exemptions, and in light of the equivalency of treatment accorded to federal and state exemptions by § 522(f), we conclude that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision.

*Id.* at 313–14, 111 S.Ct. at 1838.

### The Fixing of a Lien on an Interest of the Debtor in Property

The Supreme Court then remanded the *Owen* case to the Eleventh Circuit Court of Appeals to consider the first element of Section 522(f), whether or not the lien fixed on an interest of the debtor.[3]

On remand, the Eleventh Circuit determined that the debtor was not permitted to avoid the lien because "there was no fixing of a lien on an interest of the debtor." *In re Owen*, 961 F.2d at 172. The Eleventh Circuit concluded that "... there was never a fixing of a lien *on* an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien." (emphasis in original) *Id.* The Eleventh Circuit found that there was never a time when the debtor had a property interest in the condominium, since the pre-existing judgment attached as a lien on the property at the time the property was acquired. The Eleventh Circuit relied on Florida case law which held that a recorded judgment is a general lien which attaches to after-acquired property simultaneously with the purchase of such property. *Id.* citing *Allison on the Ocean, Inc. v. Paul's Carpet,*

---

3. "The foregoing conclusion does not necessarily resolve this case. Section 522(f) permits the avoidance of the 'fixing of a lien on an interest of the debtor.' Some courts have held it inapplicable to a lien that was already attached to property *when the debtor acquired it,* since in such a case there never was a 'fixing of a lien' on the debtor's interest.... Under Florida law, the lien may have attached *simultaneously with the acquisition of the property interest.* If so, it could be argued that the lien did not fix 'on an interest of the debtor.' *See Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). The Court of Appeals did not pass on this issue, nor on the subsidiary question of whether the Florida statute extending the homestead exemption was a taking, cf. *United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). We express no opinion on these points, and leave them to be considered by the Court of Appeals on remand." (emphasis supplied). *Owen,* 500 U.S. at 314, 111 S.Ct. at 1838.

479 So.2d 188, 190–91 (Fla. 3d DCA 1985). The Eleventh Circuit also relied on the Supreme Court's decision in *Farrey v. Sanderfoot*, 500 U.S. 291, 296–98, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) for the proposition that a debtor must have the interest in the property at issue before the lien attached to that interest to be entitled to avoid the lien under Section 522(f).

■ Consequently, in cases to which Florida law is applicable, where a pre-existing judgment lien attaches to nonhomestead property at the time the property is acquired, a debtor may not avoid the lien under Section 522(f), even if the property later acquires homestead status. In such cases, even though one element of Section 522(f) is satisfied (i.e. the lien impairs an exemption to which the debtor would have been entitled), the other element cannot be established (i.e. the lien does not constitute a lien which fixed on an interest of the debtor in property).

### Application of Owen

In the present case, with respect to the first element of the statutory test (whether the lien fixed on an interest of the debtor in property), the factual situation is different from that in *Owen*. The Debtor in this case owned the property before Gibson recorded the judgment against him. The Debtor purchased the property on August 10, 1992, and Gibson recorded the judgment against him on July 15, 1993, almost one year later. The Debtor clearly had an interest in the property before the judgment lien attached, and the lien fixed on an interest of the Debtor in the property. The first element of the statutory test for avoiding the judicial lien, as established by the Eleventh Circuit,[4] is satisfied.

With respect to the second element (whether the lien impairs an exemption to which the debtor would have been entitled), the issue is resolved by the reasoning of the Supreme Court. The appropriate question is whether the lien impairs an exemption to which the debtor would have been entitled, hypothetically rather than actually, but for the lien itself. The point in time at which the analysis must be made is the date of the filing of the bankruptcy petition. At that point, we examine the property, the lien, and the exemption—not as an exemption to which the debtor "is entitled," but as one to which he "would have been entitled" but for the lien. *Owen*, 500 U.S. at 311–13, 111 S.Ct. at 1837. "[A]sk first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien...." *Id.* at 312 and 313, 111 S.Ct. at 1837 and 1838. In this case, avoiding the lien would entitle the Debtor to an exemption. Consequently, the second element of the statutory test for avoiding the judicial lien, as established by the Supreme Court, is also satisfied.

■ Gibson asserts that *Owen* is not applicable because the lien in this case fixed on the property after the Debtor acquired his interest in the property but before the property obtained its homestead character. This argument is also reflected in the dissent to the Supreme Court's opinion and in the Eleventh Circuit's opinion on remand.[5] However,

---

4. *See*, also, *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

5. In the dissent to the opinion of the Supreme Court, Justice Stevens stated:

   Because it is undisputed that petitioner was not entitled to an exemption when the lien attached, the subsequently acquired exemption does not provide a basis for avoidance of respondent's lien.... Finally, I must comment on the Court's conclusion 'that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision.' ... The conclusion is flawed. Petitioner would not have been entitled to a homestead exemption at the time respondent's judicial lien attached; for that reason the lien avoidance provisions in § 522(f) of the Bankruptcy Code are not applicable.

   *Owen*, 500 U.S. at 316–18 and 321, 111 S.Ct. at 1840 and 1842.

   On remand, the Eleventh Circuit Court of Appeals also indicated that the impairment issue could be analyzed differently from the reasoning set forth in the Supreme Court's decision. After reaching the conclusion that there was never a fixing of a lien on an interest of the debtor, since the lien fixed simultaneously with the debtor's acquisition of the property, the Eleventh Circuit continued:

   Because the lien was in existence prior to the property becoming homestead exempt, to permit the debtor's avoidance of this judicial lien would give the debtor a greater interest in

it is this position which was addressed by the majority of the Supreme Court. The opinions of the Eleventh Circuit and the Supreme Court must be read together, each for the specific issues resolved.[6] The Eleventh Circuit, on specific facts, determined that the lien never fixed on an interest of the debtor because the debtor had no property interest prior to the fixing of the lien. The Supreme Court, specifically assuming that the lien fixed on an interest of the debtor in property, considered the facts that while the lien existed the property changed character from non-homestead to homestead. The Supreme Court acknowledged that Florida law excepts pre-existing liens from the homestead exemption, and in view of that considered whether the lien was voidable pursuant to 522(f). The Supreme Court concluded "... that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision." *Owen*, 500 U.S. at 313–14, 111 S.Ct. at 1838. These two opinions must be read together, each in view of the specific facts addressed and the issues resolved.

## Conclusion

Pursuant to 11 U.S.C. § 522(f), a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. Under this statute, two elements must be satisfied to enable the debtor to avoid the lien: the lien must have fixed on an interest of the debtor in property, and it must impair an exemption to which the debtor would have been entitled. Both of these elements are satisfied in this case. First, the lien fixed on an interest of the Debtor in property, since the Debtor purchased the property prior to the time that Gibson recorded its judgment. Second, the lien impairs an exemption to which the Debtor would have been entitled but for the lien, since the property was the Debtor's homestead at the time that he filed his bankruptcy petition and was properly claimed as exempt on his bankruptcy schedules.

In view of the foregoing, the Motion for Summary Judgment filed by the Debtor should be granted, the Cross Motion for Summary Judgment filed by Gibson should be denied, and the judicial lien asserted by Gibson should be avoided pursuant to Section 522(f) of the Bankruptcy Code. Additionally, the Motion for Relief from Automatic Stay filed by Gibson should be denied.

Accordingly,

**IT IS ORDERED** that:

1. The Motion for Summary Judgment filed by the Debtor, Miller Cooper, is granted.

---

the property than he had prior to the filing of the bankruptcy petition. It is clear that prior to the petition the lien was validly attached to the property. Under Florida law, constitutional homestead property is exempt from the claims of creditors not secured by a lien on the property. See Fla.Stat. § 222.20; Fla. Const. art. 10, § 4. Florida law allows, however, attachment of a judgment lien where the lien came into existence prior to the property attaining homestead exemption status, as in this case. Fla. Const. art 10, § 4. See *Bessemer v. Gersten*, 381 So.2d 1344 (Fla.1980)....

Thus, the fixing of the lien does not impair an exemption to which the debtor would have been entitled but for the lien....
*In re Owen*, 961 F.2d at 173.

Although the Eleventh Circuit indicated that it would have analyzed the issue differently and that it believed that avoidance of the lien in the manner directed by the Supreme Court would give the debtor a greater interest in the property than he had prior to the filing of the bankruptcy

petition, its holding was nevertheless limited to the issue remanded:

> The Supreme Court reversed and remanded, leaving for our consideration on remand whether there was a fixing of a lien on an interest of the debtor and whether the Florida statute extending the homestead exemption was a taking. 111 S.Ct. at 1838. We hold that there was no fixing of a lien on an interest of the debtor.

*In re Owen*, 961 F.2d at 172.

6. Controlling law is based only upon the issues actually decided by a court with jurisdiction over the subject matter. "[I]t is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision." *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257 (1821) (Marshall, C.J.), cited in *In re Conston, Inc.*, 181 B.R. 769 (D.Del.1995).

2. The Motion for Summary Judgment, Cross Motion for Summary Judgment, and Incorporated Memorandum of Law filed by Gibson Group Ltd. of Pinellas County is denied.

3. The Motion to Avoid Lien filed by the Debtor, Miller Cooper, is granted, and the judgment lien asserted by Gibson Group Ltd. of Pinellas County against the following described homestead real property of the Debtor located at 961 Landmark Circle, Tierre Verde, in Pinellas County, Florida, is void:

Lot 5, Tierre Verde Landmark, according to the plat thereof as recorded in Plat Book # 107, Pages 85 and 86, Public Records of Pinellas County, Florida. Parcel No. 20–32–26–90825–000–0050.

4. The Motion for Relief from Automatic Stay filed by Gibson Group Ltd. of Pinellas County is denied.