**In re Richard B. LANE, Debtor.**

**Kerry L. EZROL, Trustee in Bankruptcy for Richard B. Lane, Plaintiff,**

v.

**Richard B. LANE, and Brinks Limited, Defendants.**

Bankruptcy No. 93–24792–BKC–RBR.

Adv. No. 94–0931–BKC–RBR–A.

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Dec. 6, 1995.

Susan D. Lasky, Fort Lauderdale, FL, for Debtor.

Kerry L. Ezrol, Trustee, Fort Lauderdale, FL.

Jay D. Schwartz, North Miami Bch, FL.

Arden J. Lea, New Orleans, LA.

*ORDER ON DEBTOR'S MOTION FOR AMENDMENT OF FINDINGS OF FACT AND RECONSIDERATION AND/OR REHEARING OF THE FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND GRANTING TRUSTEES MOTION FOR SUMMARY JUDGMENT*

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on October 26, 1995 upon the Debt-

or's Motion for Amendment of Findings of Fact and Reconsideration and/or Rehearing of the Findings of Fact and Conclusions of Law, and Order Granting in Part and Denying in Part Debtor's Motion for Summary Judgment and Granting Trustee's Motion for Summary Judgment. The Court, having heard the arguments of counsel, having reviewed the pleadings, and being otherwise fully advised in the premises, hereby amends its Findings of Fact and Conclusions of Law and Order as follows.

### PROCEDURAL HISTORY

This matter came before the Court for trial on August 8, 1995. On the same date, this Court heard the Trustee's Motion for Summary Judgment against the Defendant/Debtor and the Trustee's Motion for Summary Judgment against the Defendant/Creditor Brink's Limited ("Brinks"). The Court reserved ruling on the Motions for Summary Judgment and proceeded to trial on the merits. On October 2, 1995, this Court granted Summary Judgment against the Debtor and ordered turnover of the Debtor's homestead to the Trustee. The Court also held that Brinks had obtained a preferential transfer of an interest in the Debtor's property. Thereafter, the Debtor moved for rehearing of this Court's Order Granting Trustee's Motion for Summary Judgment against the Debtor and the Final Judgment ordering turnover of the Debtor's homestead to the Trustee, and rehearing was granted.

### FINDINGS OF FACT

In his Motion for Rehearing, the Debtor raises several objections to the Court's original Findings of Fact. First, the Debtor contends that the Court misinterpreted the testimony relating to the Debtor's ex-wife, Beverly Lane. In it's Order, the Court found that Ms. Lane was a creditor of the Debtor to the extent of $5,868.00 when the Debtor received the Settlement Proceeds and transferred said proceeds to his children. The Debtor maintains that his divorce counsel, Kevin C. O'Donnell, retained funds from the Settlement Proceeds to satisfy Ms. Lane's claim, and therefore, she was not a creditor. However, Mr. O'Donnell testified in his sworn statement, which was admitted into evidence at trial as Debtor's Exhibit 15, that the Debtor's settlement check was deposited into his Clients Funds account and that "after deduction of a fee and expenses the balance of $159,110.00 was transferred by wire to Bank Atlantic in Ft. Lauderdale, Florida, to the account of James Lane, at the direction of Richard Lane." Mr. O'Donnell did not testify that funds were retained to satisfy Ms. Lane's claim. Rather, he stated that

> Mr. Lane was panicked about getting the money out of Massachusetts as soon as possible because Mrs. Lane received a portion of his monthly disability check on the 9th or 10th of each month and as May would be the final payment he was fearful that there may be a notice of final payment on the check or some such tip off that the case had been settled resulting in an attachment and litigation over the proceeds, he was correct.

Pursuant to the above testimony, the Court declines to modify its prior ruling with regard to Ms. Lane.

The Debtor also claims that the Court was ambiguous when it characterized the Settlement Proceeds as "an unrelated lump sum settlement of a disability claim." Therefore, to clarify its description of the Settlement Proceeds, the Court states that the settlement of the Debtor's disability policy for a lump sum payment was unrelated to the claim of Brinks or the litigation filed by Brinks against the Debtor, Lloyd and Lane & Lloyd, Ltd. ("Lane & Lloyd").

The Court must also clarify that the Judgment issued by the United States District Court for the Middle District of Florida only names Lane & Lloyd as the judgment debtor. At the time the Debtor filed his bankruptcy petition, the Southern District of Florida had not issued a Writ of Execution against the Debtor's personalty nor had a judgment been recorded against the Debtor individually. On November 22, 1995, the Debtor submitted a certified copy of the title search for the 20th Way Property which demonstrates that Brinks did not obtain a lien against the subject property.

## CONCLUSIONS OF LAW

### A Trustee May Not Utilize 11 U.S.C. § 548(a)(1) to Abrogate the Debtor's Homestead Exemption Absent a Timely Objection

■ The Court must first amend its original Conclusions of Law to recognize that pursuant to 11 U.S.C. § 522(1) and FRBP 4003, a trustee or creditor must file an objection to the debtor's exemptions within thirty (30) days of the debtor's § 341 meeting. In *Taylor v. Freeland, et al.,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Supreme Court held that a trustee may not object or contest the validity of a claimed exemption after the statute of limitations has expired pursuant to § 522(1) and Rule 4003. The basic premise for these laws is to produce certainty in our affairs and to bring about an orderly resolution of same. Hence, consistent with *Taylor,* this Court finds that the Trustee may not utilize § 548(a)(1) and § 550 to set aside the Debtor's homestead exemption after the deadline for filing an objection thereto has expired.

The Debtor filed a bankruptcy petition on December 20, 1993. The Debtor's § 341 meeting took place on January 28, 1994. The Trustee and Brinks requested an extension of time to object to the Debtor's exemptions and said deadline was extended to May 27, 1994. The Trustee did not file any objection to the Debtor's homestead exemption, nor did the Trustee request an additional extension of time to do same.

Brinks objected to the Debtor's homestead exemption and said objection was overruled by Order of this Court dated July 17, 1994. The Court entered a second Order on November 8, 1994 upon Brinks' Motion for Reconsideration of the Debtor's homestead exemption, and the Court again overruled Brinks' objection to the Debtor's homestead exemption. This Order was not appealed by any party. Hence, the Order granting the Debtor's homestead exemption is a final order and is *res judicata.*

### The Applicability of *Bank Leumi Trust Co. of N.Y. v. Milton Lang,* 898 F.Supp. 883 (S.D.Fla.1995).

■ At the time that this Court rendered its decision granting the Trustee's Motion for Summary Judgment, neither the Court nor the parties herein were aware of a recent opinion by the Southern District of Florida, *Bank Leumi Trust Co. of N.Y. v. Milton Lang and Elena Lang and MEA Inv.,* 898 F.Supp. 883 (S.D.Fla.1995). Having reviewed the opinion, I find it necessary to reconsider this Court's prior Conclusions of Law and Order consistent with the District Court's ruling.

In *Bank Leumi,* the Debtors sold their New Jersey home and used the proceeds to purchase a home in Palm Beach Gardens, Florida worth over $500,000 as well as approximately $500,000 worth of annuities. Thereafter, Bank Leumi obtained a judgment against the Debtors in the amount of $1.8 million and filed a post-judgment petition seeking to enforce the judgment against the Debtors' home and annuities.

In its petition, Bank Leumi asserted that the Debtors intentionally "convert[ed] their non-exempt New Jersey assets into purportedly exempt Florida assets, in the form of annuities and a Florida homestead, apparently with the intent of placing all of their otherwise non-exempt assets out of Bank Leumi's reach." *Id.* at 884. In response, the Debtors argued that Bank Leumi could not enforce its judgment against the homestead because of the protection afforded by Article X of the Florida Constitution.[1] *Id.*

After an evidentiary hearing, the District Court concluded that the Debtors did in fact convert non-exempt assets into exempt assets with the intent of hindering the claims of their creditors. Nonetheless, the Court concluded that Debtors' homestead was exempt from Bank Leumi's claims. In reaching this

---

1. Article X, § 4(a) of the Florida Constitution provides in pertinent part:
   (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
   (1) a homestead....

result, the Court reviewed the Florida Supreme Court decision in *Butterworth v. Caggiano*, 605 So.2d 56 (Fla.1992). In *Caggiano*, the Florida Supreme Court held that a homestead is exempt from criminal and civil forfeiture due to the protection afforded by the Florida Constitution. The Court strictly interpreted the three exceptions contained in the homestead exemption and stated the "'forfeitures are not excluded from the homestead exemption because they are not mentioned, either expressly or by reasonable implication, in the three exceptions that are expressly stated.'" *Lang*, at 887 (quoting *Caggiano*, 605 So.2d at 58).

Following *Caggiano*, the District Court similarly found that

> the homestead exemption does not contain an exception for real property which is acquired in the state of Florida for the sole purpose of defeating the claims of out-of-state creditors. In light of the Supreme Court's admonition in the *Caggiano* [case] that the three exceptions to the homestead exemption should be read narrowly, this Court is unwilling to graft an additional exception.

> *Lang*, at 887.

The District Court also addressed the argument raised by Brinks that the homestead exemption must not be applied to make it an instrument of fraud and concluded that

> in the cases where Florida courts have imposed equitable liens on the basis of fraudulent, illegal, or improper conduct, those seeking homestead protection have fraudulently or improperly procured funds and then sought to defeat the claims of those to whom monies were due by using the monies to invest in, purchase, or improve a homestead.

> *Id.* at 888.

For instance, in *Palm Beach Savings & Loan Association v. Fishbein*, 619 So.2d 267 (Fla.1993), a husband borrowed $1.2 million from a bank and secured the loan with a

mortgage on his Palm Beach home. He then used $900,000.00 of the proceeds of the loan to satisfy the existing mortgages on his homestead property. The bank subsequently discovered that Mr. Fishbien had forged his wife's signature on the loan documents.

Ultimately, the Court awarded the bank an equitable lien on the homestead property in the amount $900,000.00, thereby allowing the bank to step into the shoes of its predecessors. The Court reasoned that such a result was necessary to prevent Mrs. Fishbien from receiving a windfall, a homestead free and clear of liens, as a result of her husband's fraudulent conduct.

In this case, neither the Trustee nor Brinks argues that the funds used by the Debtor to purchase the 20th Way Property were fraudulently procured. Nor do they argue that their rights should be abrogated to the rights of another creditor. Rather, the Trustee and Brinks merely argue that the Debtor's alleged fraudulent conduct necessitates the disallowance of the Debtor's homestead exemption. I disagree.

■ Pursuant to *Lang* and *Caggiano*, the exceptions to the homestead exemption provided by the Florida Constitution must be strictly construed. Unless the facts are such that they fall within one of the three exceptions specifically provided by Article X, § 4(a), this Court cannot deny the instant Debtor his homestead. Even if the purpose of the Debtor's actions was to defeat the claims of Brinks, this Court is without the power to create additional exceptions to protections granted by the Florida Constitution. Accordingly, the Court must reverse its prior ruling and deny the Trustee's Motion for Summary Judgment with respect to Counts I and III of the Complaint.[2]

As to the Court's ruling that Brinks received a preference within the 90 day period prior to the Petition Date, Brinks maintains that if the Court allows the Debtor to claim the 20th Way Property as exempt, the Court

---

2. In rendering this decision, the Court finds *Owen v. Owen*, 961 F.2d 170 (11th Cir.1992), distinguishable. In *Owen*, the debtor's wife obtained a judgment against the debtor prior to the debtor obtaining homestead property. The Eleventh Circuit held that because a judicial lien existed prior to the debtor's property becoming entitled to the homestead exemption, the debtor could not avoid the lien. This case is distinguishable as Brinks never obtained a lien against the Debtor's individual real property.

cannot avoid Brinks' lien as a preference. Brinks claims that only those debts and assets which are property of the bankruptcy estate are subject to this Court's jurisdiction. However, given the fact that the evidence indicates that Brinks never obtained a lien on the Debtor's homestead, the question with respect to the 20th Way Property is moot. Brinks could not have received a preference. Accordingly, the Court's prior ruling as to Count V of the Trustee's Complaint must be reversed. This ruling does not affect the Court's decision with regard to Count IV of the Complaint that Brinks received a preference when the Writ of Execution was delivered to the U.S. Marshal on November 8, 1993.

DONE AND ORDERED.