**In re Thomas MacGILLIVRAY, Debtor.**

**No. 02–33206–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

Oct. 29, 2002.

Julianne R. Frank, Palm Beach Gardens, FL, for creditor Levine, Frank & Edgar, P.A.

K. Drake Ozment, Atlanta, GA, for debtor.

Robin Weiner, Ft. Lauderdale, FL, trustee.

### ORDER DENYING DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came before the Court on October 26, 2002 upon a hearing on the debtor's Motion to Avoid Judicial Lien, filed on September 26, 2002. The motion was filed pursuant to the "Negative Notice" provisions under Local Rule 9013–1(D). On October 5, 2002, Levine, Frank & Edgar, P.A. ("the creditor") filed its Response to Debtor's Motion to Avoid Judicial Lien and Objection to Proof of Claim. The Court, having reviewed the record, motion and response, having heard the arguments of counsel, and being otherwise fully advised in the premises, denies the debtor's Motion to Avoid Judicial Lien.

On April 7, 1998, a Final Judgment Upon Default was entered against the debtor in favor of the creditor for payment of $1,293.00 plus interest. On the same date, the judgment was recorded in the public records for Palm Beach County, Florida. Thereafter, in February of 2000, the debtor acquired title to 6442 Drake Street, Jupiter, Florida 33458 ("subject property") and designated this property his homestead.[1] On June 12, 2002, the debtor filed a Chapter 13 petition. The debtor claimed the subject property to be exempt as homestead property.

The debtor's Motion to Avoid Judicial Lien seeks the avoidance of the lien imposed on the debtor's exempt property pursuant to 11 U.S.C. § 522(f). The creditor's response to the motion is based upon the contention that the debtor possessed no interest within the purview of Section 522(f) to which a judgment lien would attach.

Section 522(f) provides in relevant part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section if such lien is (A) a judicial lien, . . . ." 11 U.S.C. § 522(f) (2002). A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36) (2002). In order to avoid a creditor's lien, the debtor must demonstrate that the lien is a judicial lien which fixed on an interest of the debtor in property, and which impairs the debtor's exemption. 11 U.S.C. § 522(f) (2002). The critical inquiry is "whether the debtor ever possessed the interest to which the lien fixed, before it fixed." *See In re Wilbur,* 217 B.R. 314, 316 (Bankr.M.D.Fla. 1998), citing *Farrey v. Sanderfoot,* 500 U.S. 291, 299, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). The statute therefore requires that "the debtor have a pre-existing ownership interest in the property." *See Id.* at 316, 317.

The Eleventh Circuit has addressed the issue of whether a debtor is permitted to avoid a judicial lien on Florida homestead property when the creditor

---

**1.** This property is more particularly described as P.N. # 30–42–41–15–08–059–0050; North Palm Beach Heights Sec 3 Unreclt 5 Blk 59.

records a certified copy of the judgment before the debtor acquires the homestead property. *See In re Owen,* 961 F.2d 170, 170 (11th Cir.1992). In *Owen,* the debtor's wife obtained a judgment against the debtor prior to the debtor obtaining homestead property. *Id.* at 172. The court held that "Florida law allows ... attachment of a judgment lien where the lien came into existence prior to the property attaining homestead exemption status." Id. The court reasoned that under Florida law, a creditor's recorded judgment becomes a lien upon the real property thereafter acquired by the judgment debtor. Id. The court stated that a judgment lien "springs to life the minute the debtor acquires property to which it attaches." Id. The court ultimately determined that because the judgment was recorded in 1976 and because the property was acquired and the lien fixed simultaneously thereto in 1984, "there was never a fixing of a lien on an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien." Id. Thus, because section 522(f) requires a fixing of a lien on an interest of the debtor, the debtor was not permitted to avoid the creditor's lien.

*Sub judice,* the creditor, like the debtor's wife in *Owen,* obtained a judgment against the debtor and recorded its judicial lien on April 7, 1998, nearly two years before the debtor obtained his homestead property in February of 2000. Because the creditor's judgment lien attached to the subject property at the same time the debtor acquired it, there was never a fixing of a lien on an interest of the debtor as required under section 522(f). Accordingly, it is

**ORDERED** that the debtor's Motion to Avoid Judicial Lien is **denied.**