**In re Michael James WHELAN & Marilyn June Whelan, Debtors.**

No. 04–21804–9P7.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

April 15, 2005.

Thomas D. Pulliam, Lakeland, FL, for Debtors.

### ORDER ON MOTION TO AVOID LIEN PURSUANT TO SECTION 522(F)
(Doc. No. 6)

ALEXANDER PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of Michael James Whelan and Marilyn June Whelan (Debtors) is a Motion to Avoid Lien Pursuant to Section 522(f)(1) filed by the Debtors seeking to avoid the judicial lien of Tech Credit Union (Credit Union). In due course, the Credit Union filed its response to the Motion. Having considered the record as established at the hearing scheduled on the Motion and argument of counsel in support of and in opposition of the Motion, this Court now finds and concludes as follows.

On December 17, 1998, the Credit Union obtained a Summary Final Judgment against the Debtors in the amount of $9,992.41, together with interest, from the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida.

On January 15, 1999, the Credit Union recorded the Judgment in the public records of Polk County, O.R. Book 04168, Page No. 0222. At the time the Judgment was recorded, the Debtors had no recorded interest in any real estate located in Polk County. However, on February 19, 2003, some four years after the Judgment was recorded, the Debtors purchased their present residence, which is the Debtors' homestead. The homestead was claimed as exempt on their Bankruptcy schedules, pursuant to Article X, Section 4 of the Florida Constitution.

It is the contention of the Debtors that this Judgment lien which now encumbers their homestead impairs their exemption right under Section 522(f)(1) and that under the applicable law they are entitled to the relief they seek.

Under Florida law, the impact of the recordation of a judgment on real property owned by the judgment debtor creates a judgment lien on the debtor's property, which grants the judgment creditor a secured status. *See* Fla. Stat. Ch. 55.10(2004); *B.A. Lott, Inc. v. Padgett*, 153 Fla. 304, 14 So.2d 667, 668–69 (1943)(holding a judgment lien attaches to after acquired property).[1] Debtors seek a straightforward avoidance of the Credit Union judgment lien pursuant to 11 U.S.C. § 522(f) on the grounds the judicial lien impairs an exemption to which Debtors would otherwise be entitled.[2] Relying on

---

1. As the judgment lien is valid for an initial period of ten years, there is no issue in this case regarding whether the lien lapsed. Fla. Stat. Ch. 55.10(1)(2004).

2. "(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which

the United States Supreme Court case in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) and *In re Cooper*, 202 B.R. 319 (Bankr.M.D.Fla. 1995), Tech Credit Union asserts its judgment lien is not subject to avoidance because the lien was recorded in Polk County more than four years prior to Debtors' acquisition of property in Polk County.

### REQUIREMENTS TO APPLY
### 11 U.S.C. § 522(f)

■ Pursuant to 11 U.S.C. § 522(f)(1), "... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled...." Under relevant Supreme Court precedent, the requirements of this section are broken into two elements: (1) whether the Tech Credit Union lien "fixed" to an interest of Debtors, *Farrey v. Sanderfoot*, 500 U.S. 291, 296–97, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), and (2) whether the Tech Credit Union lien impairs an exemption the Debtors' would be entitled to but for the existence of said lien, *Owen*, 500 U.S. at 310–11, 111 S.Ct. 1833. The Court first examines whether the Tech Credit Union lien fixed to Debtors' interest in the Polk County property.

■ In the *Farrey* case, the Supreme Court held the fixing of a lien for the purposes of 11 U.S.C. § 522(f) is a temporal event governed by application of state law. *Farrey*, 500 U.S. at 296–300, 111 S.Ct. 1825. The *Farrey* opinion reasons in order for a lien to "fix" to a property interest, the property interest must predate the existence of the lien, stating "... unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that inter-

est, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Farrey*, 500 U.S. at 296, 111 S.Ct. 1825 (emphasis in original). The Supreme Court applied Wisconsin law to the *Farrey* facts to hold a lien created on behalf of a former spouse via a divorce decree could not be avoided under 11 U.S.C. § 522(f) because the lien came into existence simultaneously with the interest of the Debtor in the property in question. *Farrey*, 500 U.S. at 299, 111 S.Ct. 1825.

The Eleventh Circuit Court of Appeals had the opportunity to apply the *Farrey* analysis to facts under Florida law in *Owen v. Owen*, (*In re Owen*), 961 F.2d 170, 172 (11th Cir.1992), *ruling on remand from Owen*, 500 U.S. 305, 314, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). The Eleventh Circuit held a creditor's judgment lien created in 1976 fixed simultaneously with Debtor's property interest acquired in a 1984 purchase. *Owen*, 961 F.2d at 172. The *Owen v. Owen* opinion holds, "... there was never a fixing of a lien *on* an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien." *Owen*, 961 F.2d at 172.

■ Based on the foregoing authorities, especially the reasoning analysis of the Supreme Court in *Farrey* this Court is satisfied that at the time the Debtors purchased their homestead, their interest came into existence simultaneously with the judicial lien of the Credit Union. *See Owen v. Owen*, 961 F.2d at 172. Since the Debtors did not have any interest in the subject property prior to the time that the lien of the Credit Union was created, this Court is satisfied the Debtors cannot avoid fixing the judgment lien of the Credit Un-

---

the debtor would have been entitled under subsection (b) of this section, if such lien is—
 (A) a judicial lien, other than a judicial lien that secures a debt—"

11 U.S.C. § 522(f)(1)(A).

ion on their homestead located in Polk County. This being the case, this Court is also satisfied that in light of the foregoing the issue whether the judgment lien does or does not impair Debtors' exemption to which they otherwise would have been entitled need not be reached.[3]

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the Motion to Avoid Lien Pursuant to Section 522(f) filed by Debtors be, and the same is hereby, denied.

---

**3.** *See In re Cooper,* 202 B.R. at 322–5 (containing a detailed account and analysis of 11 U.S.C. § 522(f) in light of the United States Supreme Court and Eleventh Circuit *Owen* cases, and the interaction of same with the *Farrey* case).