**In re Ruth M. SAMMUT, Debtor.**

**Bankruptcy No. 93–09434–8C7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 23, 1994.

Harvey Paul Muslin, Tampa, FL, for debtor.

Stephen L. Meininger, Trustee, Tampa, FL.

Ginnie Van Kesteren, St. Petersburg, FL, for judgment creditor.

*DECISION ON DEBTOR'S MOTIONS TO AVOID LIEN*

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This case came on for hearing on April 12, 1994, of the motions of the debtor to avoid a lien of the creditor, John D. Fernandez, P.A. (Documents Nos. 18 and 19). The motions present an unusual twist on homestead judicial lien avoidance in Florida in circumstances where tenants by the entireties become tenants in common and then one cotenant conveys his interest to the other. Finding that the lien of a judgment against the debtor's former husband fixed to his undivided one-half interest in the marital home before the debtor acquired that interest, the court concludes that the debtor may not avoid the lien even though it may now impair her homestead exemption.

*Material Facts* [1]

During their marriage, the debtor, Ruth M. Sammut, and her former husband, Frank

---

1. At the hearing, the court received into evidence the creditor's exhibits 1 through 5. Counsel for

J. Sammut, owned a home as tenants by the entireties that constituted their homestead within the meaning of Florida law. The home is located at 9503 Antilles Drive, Largo, Florida, and its legal description is:

The part of Lot 25 in Northeast ¼ of Section 20, Township 30 South, Range 15 East, Pinellas Groves, Inc., according to plat thereof recorded in Plat Book 1, Page 55, Public Records of Hillsborough County, Florida, of which Pinellas County was formerly a part.

In March of 1984, the debtor and her husband dissolved their marriage.

Some months later, a current creditor of the debtor, John D. Fernandez, P.A., obtained a money judgment against the former husband and recorded a certified copy of it in the public records of Pinellas County. This judgment, entitled "Amended Judgment," was rendered on July 17, 1984, in Case No. 83–5811–15, "In re the Marriage of Ruth Sammut and Frank G. Sammut," Circuit Court for Pinellas County, Florida. The creditor re-recorded a certified copy of the judgment in the public records of Pinellas County on June 7, 1991, in Official Records Book 7591, Page 473.

On June 7, 1991, the former husband released his undivided one-half interest in the home to the debtor, and the debtor recorded the quit-claim deed in the public records on August 22, 1991.

The debtor thereafter filed this Chapter 7 case and claimed the home as her exempt homestead. The time for parties-in-interest to file objections to the debtor's claim of exemption has passed, and no party has filed an objection to the debtor's claim of exemption in the home. The exemption of the home is therefore allowed. The debtor has maintained the property as her homestead at all relevant times.

## Discussion

The debtor has filed a motion pursuant to the provisions of Section 522(f) of the Bankruptcy Code to avoid the judgment lien created by the recording of the certified copy of the money judgment against her former husband and continued by the later re-recording. The debtor maintains that the lien of the judgment impairs her allowed homestead exemption. The judgment creditor opposes the motion on the basis that the judgment lien fixed to the property before the debtor acquired her former husband's interest. The creditor argues, therefore, that in these circumstances the debtor may not use Section 522(f) to avoid the lien.

Section 522(f) of the Bankruptcy Code permits a debtor to avoid the fixing of a lien that impairs the debtor's exempt homestead.[2] That section provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the *fixing of a lien on an interest of the debtor* in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien....

(Emphasis added).

The Supreme Court construed this statute recently in *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In that case, the Supreme Court held that the "fixing of a lien on an interest of the debtor" requires that the debtor must hold *an interest in the property to which the lien attached* before the fixing of the lien that the debtor seeks to avoid. *Id.* at 296–97, 111 S.Ct. at 1829 (emphasis added). When the fixing of a lien occurs *before* the debtor acquires that interest, "the 'fixing' by definition [is] not on the debtor's interest," and Section 522(f) is therefore unavailable to avoid the lien. *Id.* at 298–99, 111 S.Ct. at 1830.

In *Farrey,* the divorce court had granted the debtor sole ownership of the marital

---

the parties also recited undisputed facts. The court can decide this contested matter on this record.

**2.** *In re Calandriello,* 107 B.R. 374 (Bank.M.D.Fla. 1989) *aff'd,* Case No. 89–1015–Civ–Orl–18

(M.D.Fla., filed Mar. 27, 1992), establishes that a creditor's judgment lien in fact impairs a Florida homestead exemption for purposes of Section 522(f) of the Bankruptcy Code.

home previously owned jointly by the debtor and his wife. Simultaneously, the divorce court had granted the wife a lien on the home to secure the debtor's payment of other obligations. The debtor then filed a bankruptcy petition and sought to avoid this lien by use of Section 522(f). The parties agreed that, under Wisconsin law, the interests the parties held in the property were extinguished simultaneously with the divorce and new interests were created. Because the debtor did not hold this new interest in the homestead to which the lien attached prior to the creation of the lien, the Court concluded that he was not entitled to use Section 522(f) to avoid the lien of his former wife. *Id.* The Court suggested that, even had the divorce merely reordered the parties' interests, the same result would have occurred because the lien "fastened only to what had been [the former wife's] pre-existing interest, and this interest [the debtor] would never have possessed without the lien already having fixed." *Id.* at 300–01, 111 S.Ct. at 1831.

*Farrey* therefore establishes that the avoidance of a lien is permitted "only where the lien attached *to the debtor's interest* at some point after the debtor obtained the interest." *Id.* at 294–98, 111 S.Ct. at 1828–29 (emphasis added). The logical import of this is that the court must determine what interest, if any, the debtor held in the property to which the lien attached at the time of the fixing of the lien. This determination, of course, is controlled by state law. *Id.* at 296–97, 111 S.Ct. at 1829.

Turning now to the facts of this case with these principles in mind, the debtor has clearly held some interest in the property for many years before the fixing of the judgment lien at issue. Before the dissolution of her marriage, the debtor's interest in the property was that of a tenant by the entireties. When the debtor and her former husband dissolved their marriage in 1984, her interest was converted to that of a tenant in common. § 689.15, *Fla.Stat.* The debtor then owned an undivided one-half interest in the property. Some time later, the debtor acquired her former husband's undivided one-half interest, and she then held the entire fee simple interest in the property.

The lien at issue here fixed to the property after the tenancy in common was created and before the debtor acquired her former husband's undivided one-half interest in the property. The recording of a certified copy of the judgment therefore created a lien only on the former husband's interest in the property. § 55.10(1), *Fla.Stat.* It did not affect the debtor's undivided one half interest in the property because the judgment was against only the former husband. The later re-recording of a certified copy of the judgment extended the lien. § 55.10(2), *Fla.Stat.*

The debtor now seeks to avoid the lien on the apparent theory that Section 522(f) of the Bankruptcy Code requires only that the debtor have *some* interest in the property prior to the fixing of the lien. The debtor seems to suggest, therefore, that the undivided one-half interest that she held as a tenant in common prior to the fixing of the lien against her former husband's undivided one-half interest is sufficient to permit her to avoid the lien now under Section 522(f).

*Farrey* clearly requires, however, that the debtor have the *same* interest in the property to which the lien attached before the fixing of the lien. Under *Farrey*, it is not enough that the debtor have merely *some* interest in the property before the lien attaches. The lien at issue here never attached to the debtor's undivided one-half interest. The lien attached only to the former husband's one-half interest. When the debtor later acquired the former husband's one-half interest, she acquired it with, or subject to, the lien. Were it not for the later acquisition by the debtor of her former husband's one-half interest, the judgment involved would not at all affect the debtor or her property. It is only because of the lien's attachment to the former husband's interest and the debtor's later acquisition of that interest that the lien affects the entire fee simple interest that the debtor now holds.

Using the Supreme Court's analysis in *Farrey*, the debtor did not own the fee simple interest she now holds prior to the attachment of the lien. "[T]he 'fixing' by definition [is therefore] not on the debtor's interest." *Farrey*, 500 U.S. at 298, 111 S.Ct. at 1830. Alternatively, the lien "fastened only

to what had been [the former husband's] pre-existing interest, and this interest [the debtor] would never have possessed without the lien already having fixed." *Id.* at 300, 111 S.Ct. at 1831. In either event, *Farrey* teaches, the debtor may not use Section 522(f) to avoid the fixing of this lien.

In accordance with this decision, the court is contemporaneously entering a separate final order denying the debtor's motions to avoid the lien.

DONE and ORDERED.