In re Miller COOPER, Debtor.

**GIBSON GROUP, LTD. OF PINELLAS COUNTY, INC., Appellants,**

v.

**Miller COOPER, Appellee.**

No. 95–1878–CIV–T–17.
Bankruptcy No. 94–8312–8G7.

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1996.

Lee William Atkinson, Tew, Zinober, Barnes, Zimmet & Unice, Clearwater, FL, for appellants.

Buddy D. Ford, Burns, Ford & Kiesten P.A., Tampa, FL, for appellee.

### ORDER

KOVACHEVICH, Chief Judge.

This cause is before this Court on an appeal, as of right, from the October 12, 1995, final judgment of the United States Bankruptcy Court for the Middle District of Florida. The Bankruptcy Court granted Debtor, Miller Cooper's, Motion for Summary Judgment and allowed Debtor to avoid a judicial lien on his homestead in a case arising under the Bankruptcy Code in a Chapter 7 proceeding. The Bankruptcy Court also denied Creditor, Gibson Group's, motion for relief from the bankruptcy stay. The Bankruptcy Court found there was no genuine issue or dispute as to the material facts of the case, and allowed Debtor to avoid Creditor's judicial lien pursuant to § 522(f) of the Bankruptcy Code. Jurisdiction over appeals from the final judgment, orders and decrees of the Bankruptcy Court is vested in the Federal District Courts. 28 U.S.C. § 158(a).

There are two issues on appeal:

1. Whether the Bankruptcy Court erred in applying the *Owen* decisions as a matter of law in allowing avoidance of Debtor's lien under § 522(f) of the Bankruptcy Code.

2. Whether the Bankruptcy Court erred in concluding that the precise date Debtor's property acquired Homestead status was irrelevant in deciding Debtor's property to be Homestead exempt.

### STANDARD OF APPELLATE REVIEW

The District Court is bound by the findings of fact made by the Bankruptcy Court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's factual findings are clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). Appellant is entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

### FACTS

This Court adopts and incorporates the following findings of fact recited in the order of the Bankruptcy Court:

On August 10, 1992, Debtor acquired unimproved land with the intent of constructing a single family home on the lot which would serve as his homestead. In November, 1992, Debtor completed his home. On June 10, 1993, Debtor began moving personal items into the home and intermittently occupied the same. On July 15, 1993, Appellant obtained a Final Judgment against Debtor which was recorded, thus becoming a lien on Debtor's non-exempt real property. On September 30, 1993, Debtor received his Certificate of Occupancy for the finished home. On August 26, 1994, Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code and claimed the residence as exempt under Florida's homestead law in U.S. Bankruptcy Court.

The relevant issue presented to the Bankruptcy Court for consideration was whether Debtor could avoid a judgment lien upon homestead exempt property, when such judgment lien had attached to the property before the homestead exemption was established. The Bankruptcy Court ruled that the judgment lien had the effect of impairing an exemption the Creditor was otherwise entitled to under the Code and, therefore, the lien should be avoided pursuant to *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), *on remand, In re Owen*, 961 F.2d 170 (11th Cir.1992). An "Order Denying Creditor's Motion for Relief From Automatic Stay and Cross Motion for Summary Judgment and Granting Debtor's Motion for Summary Judgment and Motion to Avoid Lien" was entered on October 12, 1995, and a timely Notice of Appeal was filed by Creditor on October 20, 1995.

### DISCUSSION

**1. Whether The Bankruptcy Court Erred As A Matter Of Law In Applying**

**The *Owen* Decisions In Finding That The Judicial Lien At Issue Fixed On A Property Interest Of The Debtor.**

■ Appellants argue the Bankruptcy Court erred in finding Creditor/Appellant's judicial lien fixed on a "property interest of the debtor" as that phrase is used in § 522(f)(1) of the Bankruptcy Code. Appellants assert the "interest" the judgment lien fixed upon must be identical to the interest as it existed at the time of the filing of the Petition in Bankruptcy. It is Appellants argument that the lien did not fix on an interest of Debtor and therefore the avoidance of the lien was erroneous as a matter of law.

Appellants rely on the Supreme Court decision of *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In *Farrey*, the owners of real property were divorced, and as part of the divorce decree, the debtor spouse simultaneously acquired full title to real property along with a lien against the property to secure debtor's court ordered payment to his spouse. 500 U.S. at 293, 111 S.Ct. at 1827. Debtor eventually filed for Bankruptcy, and the Supreme Court denied debtor's attempt to avoid the lien in favor of his ex-wife. *Id.* The *Farrey* Court held that "§ 522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." *Id.* at 301, 111 S.Ct. at 1831.

Appellants also rely on the Eleventh Circuit Court of Appeals' opinion of *In re Owen*, 961 F.2d 170 (11th Cir.1992), the remanded decision of *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In *Owen*, a creditor obtained a judgment which became a "floating lien" against the debtor in 1976. 500 U.S. at 307, 111 S.Ct. at 1834–35. The "floating lien" attached to any real property owned or later acquired by the debtor under Florida law. *Id.* In 1984, the debtor purchased a condominium and the Eleventh Circuit found that simultaneous with the debtor taking title to the condominium, the judgment formed a lien upon the condominium. *Id.* One year later, Florida amended its homestead law so that the condominium qualified as homestead property. *Id.* The Eleventh Circuit held that because the lien fixed simultaneously with the acquisition of the property by the debtor, "there was never a fixing of a lien on an interest of the debtor, as the debtor had no property interest prior to the fixing of the lien." *In re Owen*, 961 F.2d at 172. Therefore, the *Owen* Court allowed creditor to hold the lien.

Appellants also rely on *In re Sammut*, 171 B.R. 411 (Bankr.M.D.Fla.1994), in which the Bankruptcy Court for the Middle District of Florida applied the *Farrey* analysis. In *Sammut*, a married couple owned their residence as "tenants in the entirety." Upon obtaining a divorce, pursuant to Florida law, they owned the property as "tenants in common." The wife was awarded the husband's interest in the marital home and the husband was to convey his interest to the wife. The husband did not immediately convey his interest and a judgment was entered against him and recorded on the public records. The judgment created a lien against the former husband's undivided one-half interest in the property. Some years later, the former husband conveyed his undivided one-half interest in the home to his former wife. His former wife later filed Chapter 7 Bankruptcy, claiming the home as her homestead, and seeking to avoid the lien that had been placed on her former husband's interest.

The Bankruptcy Court found that § 522(f) would not allow the former wife to avoid the lien, since it did not fix on an interest she had in the property. The Court reasoned that when the lien fixed, it fixed on the husband's interest in the property which was subsequently deeded to her. Additionally, when former wife later accepted the husband's deed to his share in the home, the lien had already attached and she took the additional one-half of the property subject to the existing lien.

In the instant case, Appellants argue that the lien sought to be avoided did not "fix on an interest of the debtor" in the property. Appellants argue that the "property" owned by Debtor on July 15, 1993, when the lien attached was non-exempt property and on August 26, 1994, when Debtor filed his Bankruptcy Petition, was exempt property. The argument, in summary, is that because the lien "fixed on" non-exempt property, and the

property was exempt at the time of the filing of the Bankruptcy Petition, that the lien did not "fix on" an interest of the Debtor in property.

Appellee argues that the Appellants misinterpret the holdings of the above cited cases, to require an identical interest. Appellee contends the interest need not be identical. Appellee relies on *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), in which the Supreme Court "specifically" held that "the time for deciding a debtor's entitlement to an exemption for § 522(f) purposes is at the time of the filing of the petition in bankruptcy—not the time the lien attaches." *Id.* at 314, 111 S.Ct. at 1838 (citing 11 U.S.C. § 522(f), (b)(2)(A)). In *Owen*, the Court found that the change in the exempt status of the property from the time the lien attached, to the filing of the petition, made no difference in determining the debtor's interest. *Id.*

Appellee argues that the facts in the instant case are distinguishable from the cases relied upon by Appellant. In the instant case, Debtor had a pre-existing interest in the real property as opposed to the debtor in *Owen*, who acquired his property after the judicial lien. Additionally, Appellee argues that Debtor had a fee simple title to the property at the time that the lien allegedly attached on July 15, 1993, as opposed to the debtors in *Farrey* and *In re Sammut*, who did not have an interest in property prior to the creation of the lien.

Appellee points out that the Bankruptcy Court held "the interest of the Debtor in property to which the lien must fix for purposes of § 522(f) is ownership, not exempt status." Appellee argues that in *Farrey* and *In re Sammut* the interest which was being examined was the ownership interest of the property and the time the ownership interest was acquired not time the lien fixed. Appellee asserts that Debtor owned a fee simple title to the real property at issue when the lien attached, and therefore is able to avoid the lien on that fee simple interest under § 522(f)(1), which provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the

extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

> (1) a judicial lien. . . .

11 U.S.C. § 522(f).

Section 522(b)(2)(A) provides that "[e]xempt property is determined on the date of the filing of the petition" 11 U.S.C. §§ 522(f), (b)(2)(A). Article 10 § 4 of the Florida Constitution provides that "(a) [t]here shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, . . ., the following property owned by a natural person: (1) a homestead. . . ." FLA. CONST., art. X, § 4(a).

■ This Court agrees with Appellee on this issue. The Appellants have not persuaded this Court that the interest the lien attaches to must be an identical interest that existed at the time the lien fixed. The Debtor owned legal title to the property at the time he filed his Bankruptcy Petition. The Bankruptcy Code is clear that the time to examine whether the Debtor had an interest in the property is at the date of the filing of the petition. Creditor has not persuaded this Court that the Bankruptcy Court erred in applying the *Owen* decisions in determining the judicial lien fixed upon a property interest of Debtor.

**2. Whether the Bankruptcy Court Erred In Concluding That The Exact Date The Homestead Exemption Was Acquired Is Irrelevant As Long As Homestead Status Was Achieved By The Date Of Filing The Bankruptcy Petition.**

■ Appellants argue that in order to qualify a particular property as a residence for the purposes of the homestead exemption, there must be actual occupancy of the property as a home. *Read v. Leitner*, 80 Fla. 574, 86 So. 425 (1920). Appellants further argue that modern development ordinances require a Certificate of Occupancy be issued for a residence before the residence can be lawfully occupied as a homestead. Appellants assert that Debtor's homestead exempt status could not have been in existence prior

to September 30, 1993, and, therefore, Creditor's judgment lien had priority over the homestead status.

Appellants also argue that if Debtor was found to have occupied the premises prior to issuance of a Certificate of Occupancy then Debtor's occupancy was in violation of Pinellas County Ordinances and unlawful. It is Appellant's position that public policy requires a finding that the avoidance of the lien should not be granted to a person who violates this ordinance.

Appellees argue that even if Appellee did not perfect his homestead exemption until the day the certificate of occupancy was issued, the judgment lien can still be avoided. Appellee relies on the case of *In re Hershey*, 50 B.R. 329 (S.D.Fla.1985), in which the debtor sought to avoid a judicial lien pursuant to 11 U.S.C. § 522(f). The court found that "despite the fact that appellee's lien had priority over the homestead exemption under Florida law, the lien could be avoided under 11 U.S.C. § 522(f)(1) because of the Supremacy Clause of the Constitution of the United States." *Id.*

Appellee asserts that the operative date for determining the exemptions under the Bankruptcy Code is the date of the filing of the petition. *See* § 522(B) of the Bankruptcy Code and *Owen*, 500 U.S. at 314 n. 6, 111 S.Ct. at 1838 n. 6 (citing 11 U.S.C. §§ 522(f), (b)(2)(A)). Appellee asserts that the time for Appellant to object to the petition which claimed the property as homestead has passed and is barred by the rules governing bankruptcy cases. Appellee further argues that Appellant's contention that Debtor occupied the residence prior to obtaining a Certificate of Occupancy and therefore committed fraud is an argument that should not be raised on this Appeal.

This Court finds Appellant's argument unpersuasive. "No objections were filed to the claim of exemption within the time permitted for filing such objections, and it is undisputed that the property was the debtor's homestead at the time that the Bankruptcy Petition was filed." (Order, Doc. No. 58, Page 4). Since this issue was not in dispute, this Court will not address Appellant's argument on appeal.

## CONCLUSION

This Court has carefully reviewed the Orders of Judge Glenn, the Briefs of both parties, and other relevant documentation. Under the applicable standard of review, the Court finds that the Findings of Fact of the Bankruptcy Court are not clearly erroneous and that its Conclusions of Law are sound.

Accordingly, it is

**ORDERED** that the Orders of the Bankruptcy Court be **AFFIRMED**; Appellants request for oral argument be **Denied** and the Clerk of the Court shall **ENTER** appropriate judgment.

**DONE AND ORDERED.**