**In re John H. WILBUR Debtor.**

**Bankruptcy No. 96–3562–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 20, 1998.

See also 211 B.R. 98.

Raymond R. Magley, Smith, Hulsey & Busey, Jacksonville, FL, for plaintiff.

Ronald Bergwerk, Jacksonville, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the objection of Hanley C. Clark, in his official capacity as Receiver for George Washington Life Insurance Company (Receiver), to the debtor's Motion To Avoid Lien. After a hearing on November 6, 1997, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. On April 12, 1995, a Partial Final Judgment on a jury verdict was entered by the United States District Court for the Southern District of West Virginia in the amount of $8,493,198.00 against the debtor, and in favor of the Receiver.

2. The Partial Final Judgment was recorded in the public records of St. Johns County, Florida, on May 10, 1995. (Receiver Ex. 1.)

3. On July 7, 1995, a Final Judgment Order against the debtor in the amount of $6,198,591.34 was entered in favor of the Receiver by the West Virginia District Court.

4. The Receiver recorded the Final Judgment Order of the West Virginia District Court in the public records of St. Johns County, Florida, on August 29, 1995. (Receiver Ex. 2.)

5. During the West Virginia litigation, the debtor maintained two homes, one located in Ponte Vedra Beach, Florida, and the other on Laurel Road, Jacksonville, Florida. (Receiver Ex. 11 at 3.)

6. On November 17, 1995, the Receiver filed a motion with the West Virginia District Court, requesting that the debtor be ordered to deliver certain assets to the Receiver in partial satisfaction of the Final Judgment Order. (Receiver Ex. 3.)

7. The motion was granted on January 11, 1996, and the debtor was ordered to, (a) deliver a deed for the property located at 837 Ponte Vedra Boulevard, Ponte Vedra Beach, Florida, to the Receiver; and, (b) convert a Charles Schwab IRA and Peak Retirement Account IRA to cash and deliver the cash to the Receiver (Turnover Order). (Receiver Ex. 5.)

8. The debtor filed an appeal to the Turnover Order on January 26, 1996. (Receiver Ex. 9.)

9. On June 14, 1996, the debtor filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

10. Debtor's claim of exemptions consisted of the following property:

| Description | Value | Legal Basis |
| --- | --- | --- |
| Homestead (837 Ponte Vedra Blvd.) | $494,000 | Art. X, § 4 Fla. Const. |
| Personal Property | $ 1,000 | Art. X, § 4 Fla. Const. |
| 1986 Honda | $ 1,000 | § 222 Fla. Statutes |
| Schwab & Peak IRAs | $ 68,996 | § 222.21 Fla. Statutes |
| Principal Mutual Annuity | N/A | § 222.11 Fla. Statutes |
| Insurance Policies with: | | |
| New York Life | $ 11,090 | § 222.11 Fla. Statutes |

| Mass. Mutual | $ 60,341 | § 222.11 Fla. Statutes |
|---|---|---|
| Prudential Life | $ 12,000 | § 222.11 Fla. Statutes |
| Retirement Pay | N/A | N/A |

(Receiver Ex. 7.)

11. On September 6, 1996, the Receiver filed an objection to the debtor's exemptions.

12. This Court entered an Order overruling the Receiver's objection to the debtor's claim of exemptions on March 17, 1997. (Receiver Ex. 11.)

13. In allowing the debtor's exemption of the home located in Ponte Vedra as a homestead, the Court found that the debtor began maintaining his residence at the home on May 11, 1995. (*Id.* at 9.)

14. The Receiver filed a Notice of Appeal to the Court's Order overruling the objection to the debtor's exemptions on March 24, 1997, (Receiver Ex. 13.)

15. On July 15, 1997, the Court entered a judgment denying the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(5). (Receiver Ex. 6.)

16. One week after the denial of his discharge, the debtor filed a motion to avoid the lien imposed by the West Virginia court's judgment in favor of the Receiver. (Doc. 89.)

17. The Receiver filed an objection to the debtor's Motion to Avoid Lien on August 13, 1997. (Doc. 91.)

### CONCLUSIONS OF LAW

The debtor's Motion to Avoid Lien seeks the avoidance of the lien imposed on the debtor's exempt property by the Final Judgment Order, pursuant to 11 U.S.C. § 522(f).

■ The Receiver's objection to the motion is based on the contention that, (1) it is not permissible for a debtor whose discharge is denied to avoid a lien pursuant to 11 U.S.C. § 522(f); and, (2) the Receiver's lien is unavoidable because it came into existence prior to the time the IRAs and Ponte Vedra home attained exempt status.

Section 522(f) provides, in relevant part:

the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section, if such lien is—

(A) a judicial lien, . . . .

11 U.S.C. § 522(f)(1) (1997). Although the statute does not include a requirement that a debtor's discharge be granted prior to avoidance, the Receiver asserts that this debtor is precluded from utilizing § 522(f) due to the denial of his discharge. The Court previously rejected this argument for the reasons more fully enumerated in *In re Allen,* 217 B.R. 945 (Bankr.M.D.Fla.1998), and held that the denial of a debtor's discharge has no affect on the debtor's right to avoid a judicial lien pursuant to § 522(f). *Id. See also In re Clark,* 217 B.R. 943 (Bankr.M.D.Fla.1998); *In re Henderson,* 155 B.R. 157 (Bankr. W.D.Tex.1992), *rev'd on other grounds,* 168 B.R. 151 (W.D.Tex.1993), *aff'd,* 18 F.3d 1305 (5th Cir.1994), *cert. denied,* 513 U.S. 1014, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994).

■ In order to obtain avoidance of the Receiver's lien, the debtor must demonstrate that the lien is a judicial lien which fixed on an interest of the debtor in property, and which impairs the debtor's exemption. 11 U.S.C. § 522(f)(1) (1997).

A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding". 11 U.S.C. § 101(36) (1997). The Receiver concedes that he holds a judicial lien which impairs the debtor's exemptions. However, the Receiver zealously contests the suggestion that his lien fixed on an interest of the debtor in the IRAs and Ponte Vedra home.

■ In determining whether the debtor possessed an interest in the property sufficient to permit avoidance of the lien, the critical inquiry is "whether the debtor ever possessed the interest to which the lien fixed, before it fixed." *Farrey v. Sanderfoot,* 500 U.S. 291, 299, 111 S.Ct. 1825, 1830, 114 L.Ed.2d 337, 346 (1991). The statute thus requires that the debtor have a pre-existing

ownership interest in the property. The Court finds that the debtor has satisfied this element of the statute as the debtor had legal and equitable title to the IRAs and home in Ponte Vedra at the time the lien fixed on the property.

■ The Receiver also argues that his lien did not attach to an interest of the debtor in the IRAs and Ponte Vedra home because the West Virginia District Court, in the Turnover Order, specifically determined that the property was not exempt. Therefore, according to the Receiver, this Court's holding in *Teasdale v. Frederick (In re Frederick)*, 183 B.R. 968 (Bankr.M.D.Fla.1995), that liens which attach to non-exempt property survive in the Bankruptcy Court as valid liens, precludes the debtor from utilizing § 522(f) to avoid the lien.

The Receiver made an essentially identical argument in his objection to the debtor's exemptions.[1] However, the Court allowed the exemptions, holding that the Turnover Order did not invalidate the debtor's exemption rights under Florida law. (Receiver Ex. 11 at 13.)

The Court considered this same argument in *In re Allen* and *In re Clark*, and determined that the date of the filing of the petition is the time period with which this Court is concerned when determining a debtor's entitlement to an exemption under § 522(f). *In re Allen*, 217 B.R. 945 (Bankr.M.D.Fla. 1998); *In re Clark*, 217 B.R. 943 (Bankr. M.D.Fla.1998). *See also Gibson Group, Ltd. of Pinellas County, Inc. v. Cooper (In re Cooper)*, 197 B.R. 698 (M.D.Fla.1996), *aff'g In re Cooper*, 202 B.R. 319 (Bankr.M.D.Fla. 1995). At the time the debtor filed the bankruptcy petition he was entitled to exempt the IRAs and Ponte Vedra home, and he is consequently not precluded from avoiding the Receiver's lien.

■ Regarding the Ponte Vedra house, the Receiver's final argument is that the debtor is unable to avoid the lien due to the fact that the West Virginia District Court's judgment was recorded prior to the time the home attained its status as a homestead. According to the Receiver, the debtor should not be permitted to avoid a lien that attached to the home before the debtor had a claim to a homestead exemption.

In *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the Supreme Court of the United States addressed a similar issue involving Florida law. The creditor in *Owen* obtained and recorded a judgment against the debtor prior to the time the debtor owned any property in the county of recordation. Subsequently, the debtor purchased a condominium which became subject to the creditor's judgment lien. At the time the debtor purchased the condominium Florida law did not allow condominiums to be claimed as homesteads. One year after the debtor's purchase, however, Florida's homestead law was amended to permit condominiums to be considered homesteads.

The creditor in *Owen* argued, as does the Receiver in the instant case, that by allowing the debtor to avoid a lien which was recorded prior to the time the property obtained exempt status, the Court would be giving the debtor a greater interest in the property than he had prior to the filing of the petition. The Court acknowledged that Florida law does not permit the assertion of the homestead exemption against pre-existing liens. However, the Court ultimately concluded that "Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision." *Owen*, 500 U.S. at 314–15, 111 S.Ct. at 1838,

---

1. In his objection the Receiver argued that the debtor could not claim the IRAs as exempt based on the following: (1) The West Virginia District Court ordered the debtor to liquidate the IRAs and turn the proceeds over to the Receiver, and consequently, the debtor had no equitable interest in the IRAs; and (2) collateral estoppel precluded the debtor from exempting the IRAs because the West Virginia District Court Order held that they were not exempt under West Virginia law. (Receiver Ex. 11 at 13.)

114 L.Ed.2d at 360. *See also Hershey v. Linzer (In re Hershey)*, 50 B.R. 329, 331 (S.D.Fla.1985) ("And under the supremacy clause, United States Constitution, art. VI cl. 2, any conflict between the state lien conservation provision and the federal lien avoidance provision must be constitutionally resolved in favor of federal law.") (quoting *In re Maddox*, 713 F.2d 1526 (11th Cir.1983)).

In so holding, the Supreme Court expressed its disapproval of the restriction placed upon a debtor's use of the lien avoidance provision statute by the state. *See Resolution Trust Corp. v. Moreland (In re Moreland)*, 21 F.3d 102, 106 (6th Cir.1994) ("The Court read the Florida rule denying assertion of a homestead exemption against pre-existing judgment liens as impermissibly limiting a debtor's ability to avoid a lien under section 522(f).")*, cert. denied*, 513 U.S. 956, 115 S.Ct. 378, 130 L.Ed.2d 328 (1994). The Court delineated a policy of equality between federal and state exemptions, stating, "Nothing in the text of § 522(f) remotely justifies treating the two categories of exemptions differently." *Owen*, 500 U.S. at 313, 111 S.Ct. at 1838, 114 L.Ed.2d at 360. The case was then remanded in order for the Eleventh Circuit Court of Appeals to determine whether the debtor possessed an interest in the property to which the lien attached. *Id.* at 314, 111 S.Ct. at 1838–39, 114 L.Ed.2d at 360.

On remand to the Eleventh Circuit in *Owen v. Owen (In re Owen)*, 961 F.2d 170 (11th Cir.1992), *cert. denied*, 506 U.S. 1022, 113 S.Ct. 659, 121 L.Ed.2d 584 (1992), the court voiced its disagreement with the Supreme Court's holding by opining that in permitting the debtor's avoidance of a lien which was in existence prior to the property becoming homestead exempt, the court would be giving the debtor a greater interest in the property than he had prior to the filing of the petition. *Id.* at 172. The debtor's motion to avoid the judgment lien, however, was denied on the grounds that there was no fixing of a lien on an interest of the debtor in the property. *Id.* at 172, 173.

The Court agrees with the maxim expressed in *In re Cooper*, 202 B.R. 319 (1995), *aff'd*, 197 B.R. 698 (M.D.Fla.1996), that the Supreme Court's opinion and the Eleventh Circuit's opinion on remand must be read in relation to the specific issues resolved. *Id.* at 325. "The Eleventh Circuit, on specific facts, determined that the lien never fixed on an interest of the debtor because the debtor had no property interest prior to the fixing of the lien. The Supreme Court, specifically assuming that the lien fixed on an interest of the debtor in property, considered the facts that while the lien existed the property changed character from nonhomestead to homestead." *Id.*

In accordance with the Supreme Court's holding in *Owen* that Florida's exclusion of pre-existing liens from the homestead exemption does not exclude those same liens from the lien avoidance statute, the Court holds that the debtor may utilize § 522(f) to avoid the lien on his home in Ponte Vedra.

*CONCLUSION*

Pursuant to 11 U.S.C. § 522(f)(1), the Receiver holds a judicial lien which fixed to an interest of the debtor in property and which impairs the debtor's exemptions. Accordingly, the debtor is entitled to avoid the Receiver's lien, and his Motion to Avoid Lien is granted.

A separate Order will be entered in accordance with these Findings of Fact and Conclusion of Law.